UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-107-RJC

| | |
|---|---|
| MARCUS RANDALL BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| DENNIS DANIELS, Administrator, ) | |
| Maury Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's Section 2254 petition will be denied and dismissed.

**I.   DISCUSSION**

On November 7, 1996, Petitioner appeared with counsel and pled guilty to two felony charges in Iredell County Superior Court. The felony convictions were for possession of implements of housebreaking and being present in a building with intent to commit a felony. (Doc. No. 1 at 1). The convictions were consolidated for sentencing and Petitioner was given a 36-month sentence, which was suspended, and he was placed on supervised probation. Petitioner did not file a direct appeal from this judgment.

On August 11, 2008, Petitioner avers that the State of North Carolina relied upon the 1996 felony convictions to serve as predicate convictions to support an indictment charging Petitioner with having attained the status of a habitual felon. On November 10, 2008, in Iredell County Superior Court, Petitioner entered guilty pleas to felony possession of a firearm by a

1

felon, and breaking and/or entering, and Petitioner admitted his status as a habitual felon. (Id. at 2). The court entered judgments of conviction on all three charges and sentenced Petitioner to a term of 15-years, two months active imprisonment. As will be explained below, Petitioner did not challenge this sentence until he filed a motion for appropriate relief ("MAR") on June 7, 2012, in Iredell County Superior Court. Petitioner is currently incarcerated in the North Carolina Department of Public Safety and he has a projected release date of January 20, 2023.

## II.　STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings directs the district court to promptly review a habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition. Rule 4, 28 U.S.C.A. foll. § 2254.

## III.　DISCUSSION

Through this federal habeas action, Petitioner moves the Court to set aside his 2008 conviction for having attained the status of habitual felon. Petitioner maintains that the 2008 conviction is unconstitutional, and the trial court was without jurisdiction to entertain the charge, because he received ineffective assistance of counsel during his plea colloquy in 1996, and there was no factual basis to support the court's acceptance of his guilty pleas to the 1996 charges.

### A.　Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)　the date on which the judgment became final by the conclusion of

> direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner cannot satisfy any of the above provisions. The Court finds that Petitioner's 2008 conviction for being a habitual felon was final on or about November 25, 2008, and he filed no state challenges until 2012, and no federal challenges until 2013. Petitioner's judgment was therefore final for purposes of federal habeas review on or about November 25, 2009. Petitioner's federal habeas action, filed at the earliest in July 2013, is without question untimely and should be dismissed unless Petitioner can demonstrate that he should be entitled to equitable tolling.[1]

  B. Equitable Tolling

An untimely § 2254 petition can be considered on the merits if the petitioner successfully "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Court finds that

---

[1] In addressing the issue of the timeliness of this federal action, Petitioner contends that he "should not be precluded from seeking relief merely because he cannot satisfy a court that he had good cause for delay in seeking it." (Doc. No. 1 at 7-8). The timeliness of Petitioner's effort to obtain federal habeas relief is a critical issue and that no warning needs to be issued regarding timeliness. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

Petitioner cannot demonstrate that he should be entitled to an equitable tolling of the one-year time limitation because the record demonstrates that the challenges to his 1996 guilty pleas are without merit. Further, notwithstanding the lack of merit, Petitioner cannot demonstrate that he has diligently pursued a challenge to the convictions which he sustained in 1996. In sum, Petitioner's claims regarding ineffective assistance of counsel or the lack of a factual basis to support his 1996 convictions were, or undoubtedly should have been known to Petitioner in 1996.

During his 1996 plea colloquy, Petitioner was represented by counsel and placed under oath. The court explained that Petitioner was agreeing to plead guilty to two felony charges and the court explained that the maximum punishment was 30 months' imprisonment. The court noted that the parties had agreed to have the charges consolidated for sentencing thereby reducing the maximum sentence to 15 months. Petitioner explained that he had reviewed the charges and possible punishment with his attorney and that he was satisfied with his counsel. Petitioner confirmed that he was pleading guilty of his own free will and that he fully understood what he was doing in deciding to plead guilty. The factual basis for the felony charges was explained by the district attorney and accepted by the Petitioner and the court. His counsel acknowledged Petitioner's acceptance of responsibility for his criminal conduct and the court found that Petitioner's decision to plead guilty was made "freely, voluntarily, and understandingly." (Case No. 5:13-cv-74-RJC, Doc. No. 1-1: Sentencing Transcript at 2-5).

It is plain from this record that Petitioner's decision to plead guilty to the felonies in 1996 was the product of his discussions with counsel and he knowingly and voluntarily decided to plead guilty after having learned of the potential punishment. Further, there was an ample factual basis recounted by the state which supported the charges against him. Thus, Petitioner's

4

challenge to his 1996 guilty pleas would have undoubtedly failed even if he had filed a habeas petition before November 7, 1997. It follows then, that the state court had jurisdiction to sentence him, following his admission of his habitual felon status. Therefore, Petitioner's present challenge to his 2008 convictions must fail. For the foregoing reasons, Petitioner's bid for habeas relief will be denied and dismissed.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED.** (Doc. No. 1).

2. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge